UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GEORGE LINDEMAN AND CROSS ISLAND
WRECKER SERVICE, INC.,

                                                Plaintiff,

            -against-

SUNSHINE YACHT SALES, INC., AND
PERFORMANCE MARINE SURVEYORS,
INC.,

                                                Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-cv-01648 (JMA) (ARL)

**AZRACK, United States District Judge:**

      Before the Court is the motion of Plaintiffs George Lindeman And Cross Island Wrecker Service, Inc. ("Plaintiffs") for default judgment against Defendant Performance Marine Surveyors ("PMS"). (ECF No. 19.) For the reasons stated herein, Plaintiff's motion for a default judgment is granted as to liability. The Court defers resolution of Plaintiffs' request for damages against PMS.

**A. <u>PMS Defaulted</u>**

      PMS was properly served in this action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

**B. <u>Liability</u>**

      When a defendant defaults, the Court is required to accept all factual allegations in the complaint as true and draw all reasonable inferences in a plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether those allegations establish the defendant's liability as a matter of law. <u>Id.</u>

Here, Plaintiffs allege that PMS engaged in negligent misrepresentation. The Court finds that the allegations in the complaint are sufficient to establish that PMS is liable for negligent misrepresentation.

### C. Damages

Plaintiffs have sued both PMS and co-defendant Sunshine Yacht Sales, Inc. for negligent misrepresentation and seek to hold both defendants jointly and severally liable for $101,000 in damages. Given the prospects of joint and several liability and potentially inconsistent judgments, the Court defers determination of damages until the resolution of Plaintiffs' claim against the non-defaulting defendant. See Sullivan v. Remy Builders Corp., No. 10-CV-4175, 2011 WL 13377406, at *3 (E.D.N.Y. June 20, 2011) ("Courts are particularly inclined to defer a damage inquest where a defaulting defendant and a non-defaulting defendant may be held jointly and severally liable for the same damages.").

### D. Conclusion

For the reasons stated above, Plaintiffs' motion for a default judgment against PMS is granted as to liability. The Court defers ruling on Plaintiff's request for damages.

**SO ORDERED.**

Dated: January 26, 2024
Central Islip, New York

                                                                   /s/ (JMA)
                                                                   JOAN M. AZRACK
                                                                   UNITED STATES DISTRICT JUDGE